UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:18-cv-00288-RFB-VCF |
| Plaintiff, | ORDER |
| v. | |
| GIAVANNA HOMEOWNERS ASSOCIATION; SFR INVESTMENTS POOL 1, LLC; and SBW INVESTMENTS, LLC, | |
| Defendants. | |

## I. INTRODUCTION

Four contested motions come before the Court: (1) Defendant SFR Investments Pool 1, LLC's Motion to Dismiss, ECF Nos. 22–24, 30; (2) Plaintiff Bank of America, N.A.'s Motion for Partial Summary Judgment, ECF Nos. 34, 38, 42, 46; (3) Defendant SFR's Motion for Summary Judgment, ECF Nos. 35, 39, 47; and (4) Defendant Giavanna Homeowners Association's (the "HOA") Motion for Summary Judgment, ECF Nos. 37, 40, 41.

## II. PROCEDURAL BACKGROUND

This matter arises from a nonjudicial foreclosure sale conducted under Chapter 116 of the Nevada Revised Statutes ("NRS") in September 2012. See ECF No. 1. Nearly six years after the foreclosure sale, Plaintiff sued Defendants on February 15, 2018, seeking an order to void the foreclosure sale or to declare that Plaintiff's interest in the at-issue property was not extinguished by the foreclosure sale. Id. In its Complaint, Plaintiff asserts three claims: quiet title, declaratory relief, and injunctive relief. Id.

Plaintiff brings its quiet title claim under the following: (1) the due process clauses in the U.S. and the Nevada constitutions; (2) the Supremacy Clause in the U.S. Constitution; (3) NRS

Chapter 116; (4) the Covenants, Conditions, and Restrictions ("CC&Rs) governing the at-issue property; and (5) principles of equity. In its declaratory relief claim, Plaintiff seeks an order that it may judicially foreclose on the property under NRS 107 *et seq*. Plaintiff also asserts an injunctive relief claim, asking the Court to prohibit Defendants from encumbering the property and to require Defendant SFR to pay all taxes, insurance fees, and homeowners' associations dues during the pendency of this action.

While Defendants SFR and the HOA either answered the Complaint or filed motions evidencing their participation in this matter, see ECF Nos. 17 and 22, Defendant SBW Investments, LLC has not yet participated, see docket generally. Plaintiff filed a Notice of Intent to Default Defendant SBW on August 29, 2018. ECF No. 32. Default judgment has not yet been executed. See docket generally.

The parties completed mediation through the Nevada Real Estate Division ("NRED") on January 14, 2019. ECF No. 45-1 (indicating Defendants refused to participate and settlement was not reached). Now, Plaintiff and Defendants SFR and the HOA each seek to resolve this matter through dispositive motions. ECF Nos. 22, 34, 35, 37.

**III.  DISCUSSION**

The Court first resolves the pending Motion to Dismiss. Because the Motion to Dismiss results in the dismissal of all of Plaintiff's claims, the Court denies the three pending Motions for Summary Judgment without prejudice as moot without further discussion.

   **a.  Factual Allegations**

In the Complaint, Plaintiff alleges that two nonparties purchased the property by obtaining a loan from nonparty CTX Mortgage Company, LLC. The loan was secured by a note and deed of trust ("senior deed of trust"), which were recorded on August 27, 2008.

Beginning on October 25, 2010, Defendant HOA initiated the process to conduct a nonjudicial foreclosure sale under NRS Chapter 116 by filing a Notice of Delinquent Assessment. After filing additional notices as required by NRS Chapter 116, the HOA ultimately foreclosed on the property on September 18, 2012 and recorded a corresponding Trustee's Deed Upon Sale on September 19, 2012.

Plaintiff alleges that the nonjudicial foreclosure sale did not extinguish the senior deed of trust, which Plaintiff acquired through multiple assignments. Plaintiff alleges that the deed of trust beneficiary has a right to judicially or nonjudicially foreclose on a deed of trust and that a ten-year statute of limitations, at minimum, applies to such an action. Plaintiff also alleges that the statute of limitations begins to accrue when the note has either matured or has been accelerated.

### b. Legal Standard

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

### c. Analysis

Defendant SFR first argues that Plaintiff's claims are barred by a three-year statute of limitations found in NRS 11.190(3) because Plaintiff's claims are based on or inexplicably intertwined with NRS 116 *et seq*. Plaintiff disagrees. Plaintiff first argues that its quiet title claim is timely under NRS 11.070 or NRS 11.080, which apply a five-year statute of limitations. Plaintiff contends that the five-year statute began to run on September 18, 2014 when the Nevada Supreme Court issued SFR Investments Pool 1, LLC v. U.S. Bank, N.A., 334 P.3d 408 (Nev. 2014) (holding NRS Chapter 116 creates a super-priority lien). Plaintiff next argues that it may bring a declaratory relief claim under Nevada law as long as its prospective rights remain unclear, and its right to foreclose on the property under the senior deed of trust is unclear. Further, Plaintiff contends it may bring the declaratory relief action for ten years after the note secured by the senior deed of trust has either matured or been accelerated under NRS 106.240 in conjunction with NRS 104.3118(1). Plaintiff asserts that its claims are not based on liabilities created by statute because

its claims do not rest on an alleged violation of NRS Chapter 116 and that its actions instead sound in constitutional challenges and requests for equitable relief.

Accepting the allegations in the complaint as true, the Court determines whether "the running of the statute is apparent on the face of the complaint." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006) (citation omitted). A complaint may be dismissed as untimely only where "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995). For statute of limitations calculations, time is computed from the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997). The Court applies the appropriate statute of limitations to each of Plaintiff's claims below.

### i. Quiet Title Claim

To begin, the Court turns to Plaintiff's quiet title claim and finds that Plaintiff's claim began to run on the date of the foreclosure sale: September 18, 2012. Contrary to Plaintiff's argument, the claim did not accrue on September 18, 2014, the date of the Nevada Supreme Court decision in SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408 (Nev. 2014). The Nevada Supreme Court has held that SFR Investments applies retroactively and constitutes an interpretation of NRS 116.3116 rather than a change in law. K&P Homes v. Christiana Trust, 133 Nev. Adv. Op. 51 (July 27, 2017). Because NRS 116.3116 was in effect at the time of the foreclosure sale, the Court finds that Plaintiff's claim accrued at the time of the foreclosure.

The Court further finds that Plaintiff is not entitled to the five-year statute of limitations for quiet title actions under NRS 11.070 and 11.080. The statute of limitations provided by these sections apply only when the plaintiff actually "seized or possessed of the premises." Nev. Rev. Stat. §§ 11.070, 11.080; see also Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A., 388 P.3d 226, 232 (Nev. 2017) (NRS 11.080); Bissell v. Coll. Dev. Co., 469 P.2d 705, 707 (Nev. 1970) (NRS 11.070). NRS 11.070 and 11.080 do not apply to claims by parties like Plaintiff that held only a lien interest rather than a title interest.

The Court next finds that Plaintiff's claim carries a three-year statute of limitations under NRS 11.190(3)(a) insofar as it relates to any rights protected by NRS 116.3116. See NRS

11.190(3)(a) (applying a three-year statute of limitations to actions upon liability created by statute). Because Plaintiff filed suit over five years after the foreclosure sale, the Court dismisses Plaintiff's claim to the extent that it relies on NRS 116 violations.

The Court also finds that Plaintiff's claim to quiet title based on constitutional violations and equitable principles are time barred by NRS 11.220, which provides a catch-all provision for claims not based in tort, statutory liabilities, or contract. The Court therefore dismisses the quiet title claim to the extent it seeks relief based on constitutional violations or equitable principles.

Additionally, to the extent Plaintiff relies on violations of the CC&Rs to assert its quiet title claim, the Court finds that a foreclosure sale cannot be invalidated by a homeowners' association's failure to comply with a requirement in its CC&Rs. NRS 116.1104 states that, absent express statutory language to the contrary, provisions of NRS Chapter 116 "may not be varied by agreement, and rights conferred by it may not be waived." NRS Chapter 116 does not expressly provide that a declaration can set forth additional notice requirements that, unless satisfied, negate the status of the super-priority portion of an HOA's lien. Any alleged failure of Defendants to comply with its CC&Rs is therefore not a basis upon which Plaintiff may prevail on its quiet title claim. See SFR Investments, 334 P.3d at 418–19 (holding that the bank's argument that a mortgage savings clause in the CC&Rs subordinated the HOA's super-priority lien was defeated by NRS 116.1104 and stating that "[t]he mortgage savings clause thus does not affect NRS 116.3116(2)'s application in this case").

Because Plaintiff's quiet title claim was brought over five years after the accrual of the claim, the Court dismisses the claim in its entirety as it is time barred by either the three-year statute of limitations in NRS 11.190(3)(a) or the four-year statute of limitations in NRS 11.220.

ii. Declaratory Relief Claim

The Court now turns to Plaintiff's declaratory relief claim, Plaintiff incorrectly asserts that no statute of limitations applies to seek declaratory relief. "A claim for declaratory relief is subject to a statute of limitations generally applicable to civil claims." Zuill v. Shanahan, 80 F.3d 1366, 1369–70 (9th Cir. 1996). While Nevada law recognizes that "[t]he statute of limitations applies differently depending on the type of relief sought" and that "claimants retain the right to prevent

future violations of their constitutional rights [through prospective relief]," City of Fernley v. State, Dep't of Tax, 366 P.3d 699, 706 (Nev. 2016), the relief Plaintiff seeks is retrospective in nature. Plaintiff crafts its relief to determine its rights as to an action that has not yet happened: whether Plaintiff can foreclose on the senior deed of trust. But to so find, the Court would first need to award retrospective relief to Plaintiff by finding that the foreclosure sale did not extinguish the senior deed of trust or that the foreclosure sale was void. The relief sought, as crafted in Plaintiff's declaratory relief claim, cannot be awarded without a finding in favor of Plaintiff's on the bases set forth in its quiet title claim. Thus, the Court finds that statutes of limitations must be applied to Plaintiff's claim in accordance with the discussion in the above analysis on Plaintiff's quiet title claim. Shanahan, 80 F.3d at 1369–70 (9th Cir. 1996) ("A claim for declaratory relief is subject to a statute of limitations generally applicable to civil claims."). The Court dismisses the declaratory relief claim as time barred as result.

To be sure, the Court finds that neither NRS 106.240 nor NRS 104.3118(1) extend the applicable statute of limitations to a ten-year term. NRS 106.240 does not create a statute of limitations; "NRS 106.240 creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due." Pro-Max Corp. v. Feenstra, 16 P.3d 1074, 1077 (Nev. 2001). Likewise, NRS 104.3118 does not govern declaratory actions related to deeds of trusts; it sets forth the statute of limitations applicable to an action brought to enforce a note. NRS 104.3118 is therefore inapplicable.

The Court also finds that Facklam v. HSBC Bank USA for Deutsche ALT-A Sec. Mortg. Loan Tr., 401 P.3d 1068 (Nev. 2017) (en banc) is also inapplicable. Facklam holds only that a statute of limitations does not bar a nonjudicial foreclosure since such a foreclosure is neither a civil nor a criminal judicial proceeding. Id. at 1070–71. Facklam does not hold that a statute of limitations cannot bar a judicial action challenging a nonjudicial foreclosure. See id. The Court therefore finds that Plaintiff's declaratory relief claim is time barred in accordance with the reasons resulting in a time bar of Plaintiff's quiet title claim.

      iii. <u>Injunctive Relief Claim</u>

///

The Court finally turns to Plaintiff's claim for injunctive relief, finding that the claim is not a stand-alone claim but that injunctive relief is instead solely a form of relief. The Court dismisses the claim as a result.

### d. Amendment

Plaintiff seeks leave to amend in the event the Court dismisses its claims. The Court denies the request, finding amendment would be futile since Plaintiff's claims are barred by the statute of limitations. See Forman v. Davis, 371 U.S. 178, 182 (1962) (recognizing futile attempts to amend need not be granted).

### IV. CONCLUSION

**IT IS ORDERED** that Defendant SFR Investments Pool 1, LLC's Motion to Dismiss (ECF No. 22) is GRANTED.

**IT IS ORDERED** that Plaintiff Bank of America, N.A.'s Motion for Partial Summary Judgment (ECF No. 34) is DENIED as moot.

**IT IS ORDERED** that Defendant SFR Investment Pool 1, LLC's Motion for Summary Judgment (ECF No. 35) is DENIED at moot.

**IT IS ORDERED** that Defendant Giavanna Homeowners Association's Motion for Summary Judgment (ECF No. 37) is DENIED without prejudice as moot.

**IT IS ORDERED** that the Clerk of the Court is instructed to enter judgment in favor of Defendants on all claims and close this matter accordingly.

DATED: March 28, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**